IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMANUEL ETIENNE, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 10-5522 |
| RAYMOND SOBINA, et al. | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM ON PETITIONS FOR WRIT OF HABEAS CORPUS**

**Baylson, J.**                                                                                                    **August 10, 2011**

**I.      Introduction**

Petitioner Emmanuel Etienne ("Etienne") filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, raising several grounds for relief, which he subsequently amended. (Pet., ECF No. 1; Am. Pet., ECF No. 10.) This Court referred the matter to Magistrate Judge Carol Sandra Moore Wells for a Report & Recommendation ("R & R") on the merits (Order, ECF No. 5), and the Commonwealth responded to Etienne's Petition (Resp., ECF No. 13).

On March 30, 2011, Judge Wells filed her R & R, which recommended that the Petition and Amended Petition be dismissed for several reasons. (R & R, ECF No. 14.) According to Judge Wells, one of Etienne's claims is not cognizable on collateral review and the remainder are time-barred and procedurally defaulted. On May 22, 2011, Etienne, after having been granted an extension of time, timely filed objections to the R & R.[1] (Objections, ECF No. 18.) Upon

---

[1]     Etienne's Objections are dated May 22, 2011. Although docketed on June 6, the Court will assume the Objections were timely filed on May 22. See Nara v. Frank, 264 F.3d 310,

independent and thorough review, and for the reasons stated below, the Court will adopt the R &

R and dismiss the Petition and Amended Petition for Writ of Habeas Corpus.

**II.     Factual and Procedural Background**

According to the Pennsylvania Superior Court, the facts underlying Etienne's state court

conviction are as follows:

> "[Etienne] was convicted of having repeatedly raped his biological daughter both anally and vaginally from the time she was nine years old until she became pregnant at age thirteen.  At the trial, the victim testified that [Etienne] would call her into the basement to do math homework after the victim's mother, [Etienne]'s wife, left for work on the weekends.  After finishing the homework, [Etienne] would not allow the victim to leave the basement.
> [Etienne] then proceeded to rape the victim both anally and vaginally despite the victim's pleas of 'stop touching me' as he would hold her down. [Etienne] threatened to kill the victim if she told her mother.  The victim testified that 'more than 50' similar sexual assaults occurred at the hands of her father every weekend from the age of nine to thirteen.  The victim testified that she never told anyone of the sexual assaults because she read in books that the person who raped a child would kill the child if the child told anyone.
> The victim became pregnant at age thirteen and was placed in foster care after telling her mother's friend and the Department of Human Services (DHS) that [Etienne] was the father of the child.  On August 21, 2006, the victim gave birth to the child, which had respiratory problems and rickets.  A DNA test and subsequent report lists [Etienne] as the biological father of the victim's child.  The probability of paternity is greater than 99.99 percent.
> [Etienne] maintained his innocence throughout the trial, but admitted to committing the sexual assaults during sentencing. The trial court sentenced [Etienne] to serve concurrent terms of imprisonment of fifteen to thirty years for rape; ten to twenty years for [involuntary deviate sexual intercourse]; five to ten years for aggravated indecent assault; five to ten years for incest; three and one-half to seven years for endangering the welfare of a child; and two and one-half to five years for corrupting the morals of a minor.  No post-sentence motions were filed by [Etienne]."

Commonwealth v. Etienne, No. 2082 EDA 2007, slip op. at 2-3 (Pa. Super. Ct. Aug. 15, 2008)

(citations omitted).

---

315 n.3 (3d Cir. 2001) (recognizing that pro se prisoner's habeas petition is deemed filed on date it is placed in prison's internal mail system).

Etienne filed a direct appeal of his conviction and sentence, which the Pennsylvania Superior Court affirmed. Id. at 8. He did not pursue any other direct appeals. On February 11, 2009, Etienne filed a timely pro se petition under Pennsylvania's Post-Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, et seq. ("PCRA"). (Resp. Ex. B.) He sought post-conviction relief based on several claims of ineffective assistance of counsel. (Id.) Etienne's appointed counsel filed a no-merit letter and requested to be excused from the case, pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc). (Resp. Ex. C.) The PCRA court granted the motion to withdraw and denied Etienne's PCRA petition. (Resp. Ex. D.) Etienne did not appeal the dismissal to the Pennsylvania Superior Court.

Etienne filed the instant Petition for Writ of Habeas Corpus on October 12, 2010. (Pet.; see Am. Pet.) He asserts several claims of ineffective assistance of counsel: failure to request a translator; failure to call witnesses on his behalf; failure to advise of a plea offer; failure to dispute authorization for DNA testing; failure to object to impermissible remarks during the Commonwealth's closing; failure to file post-sentencing motions; failure to raise denial of assistance of Haitian consular (Pet.); failure to advise of rights under the Vienna Convention; failure to argue violation of the right to speedy trial; and PCRA counsel's failure to request an evidentiary hearing (Am. Pet.). Judge Wells filed her R & R on March 30, 2011, recommending the Petition and Amended Petition be dismissed as time-barred. (ECF No. 14.) After an extension of time, Etienne filed timely objections to the R & R. (ECF No. 18.)

### III.   Parties' Contentions

####    A.   Summary of the R & R

In the R & R, Judge Wells recommends dismissal of Etienne's Petition and Amended

Petition as time-barred by the one-year statute of limitation of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and procedurally defaulted, and also finds that one of Etienne's claims is non-cognizable. Judge Wells first concludes that Etienne's claim for ineffective assistance of counsel against his PCRA counsel is not a cognizable federal habeas claim. She then determines that the statute of limitations began to run on September 14, 2008, after the period for seeking direct appellate review expired. Section 2244(d)(2) tolled the statute of limitations, while Etienne's PCRA petition was pending, until his right to seek Pennsylvania Superior Court review expired on December 15, 2009. At that time, Etienne had until approximately July 12, 2010 to file for federal habeas corpus relief.

Because Etienne did not file until about October 18, 2010, his petition is barred unless he is entitled to equitable tolling. But Judge Wells finds Etienne presented no evidence of reasonable diligence or extraordinary circumstances to warrant equitable tolling. Accordingly, Judge Wells holds Etienne is not entitled to equitable tolling and his Petition and Amended Petition are barred by AEDPA's one-year deadline. Finally, Judge Wells concludes that Etienne's claims are nonetheless procedurally defaulted because he did not, and no longer could, exhaust his state court remedies.

**B.**   **Etienne's Objections**

Etienne submitted his objections to Judge Wells's R & R, but very little addresses the reasons for Judge Wells's conclusions. Etienne devotes most of his brief to arguing the substantive grounds of his habeas claims, and only briefly discusses the statute of limitations and procedural default grounds. He argues that he did not receive notice of the denial of his PCRA petition, that he raised his current claims in the PCRA petition, and he also quotes 28 U.S.C. §

2244(d)(1), which identifies the alternative start dates for the limitations period.

## IV.     Legal Standards

District courts review de novo the portions of the Magistrate Judge's R & R specifically objected to.[2]  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made."); see also Fed. R. Civ. P. 72.  When reviewing documents filed pro se, a court must keep in mind that such documents are to be liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## V.     Discussion

### A.     Legal Standards

AEDPA establishes a one-year time limit within which a state prisoner may file a petition for habeas relief.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The Court must identify the appropriate start date for each individual claim.  See

---

[2]  Etienne does not object to Judge Wells's conclusion that his ineffective PCRA counsel claim is non-cognizable, and he could not.  There is no constitutional right to post-conviction counsel and, therefore, a claim of ineffectiveness of post-conviction counsel is not cognizable on collateral review.  Coleman v. Thompson, 501 U.S. 722, 752 (1991).

Fielder v. Varner, 379 F.3d 113, 117-18 (3d Cir. 2004).

The one-year limitations period is subject to statutory and equitable tolling. Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the] period of limitation."

Equitable tolling is available in appropriate cases. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, the petitioner must demonstrate (1) reasonable diligence in attempting to investigate and bring his claims, and (2) extraordinary circumstances preventing his timely filing. Id. at 2562; Pabon v. Mahanoy, __ F.3d __, No. 08-1536, 2011 WL 2685586, at *12 (3d Cir. July 12, 2011). The petitioner bears the burden to demonstrate both elements. Pace, 544 U.S. at 418. Mere excusable neglect will not suffice. LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

The Third Circuit has "cautioned, however, that courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id. at 275 (citation, alteration, and quotation marks omitted). Further, the petitioner must demonstrate a causal relationship between the extraordinary circumstances on which his claim for equitable tolling rests and the lateness of the filing. Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003). The petitioner cannot make this showing if, acting with reasonable diligence, he could have filed on time notwithstanding the extraordinary circumstances. Id.

The Third Circuit has recognized four situations when equitable tolling may be appropriate: (1) the state has actively misled the petitioner; (2) the petitioner has in some

extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights mistakenly in the wrong forum; and (4) "in a Title VII action when a claimant received inadequate notice of h[is] right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that []he had done everything required of h[im]." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (alteration omitted).

### B. Analysis

The Court agrees with Judge Wells that Etienne's claims are time-barred under AEDPA. The appropriate start date for this analysis is the date Etienne's conviction became final. Etienne's conviction became final on September 14, 2008, when his right to file a direct appeal of his sentence expired. See 28 U.S.C. § 2244(d)(1); Pa. R. App. P. 903(a) (establishing thirty-day deadline for filing appeal). Although he does not expressly argue any other date would apply, the Court will consider each to confirm September 14, 2008 is the appropriate date for all claims.

Although the Third Circuit has not defined the "impediment" alternative, see Pabon, 2011 WL 2685586, at *15, the statutory language suggests any impediment must have prevented Etienne from filing his Petition, 28 U.S.C. § 2244(d)(1)(B). The only impediment Etienne alleges, assuming it created an impediment, is the failure to provide notice of the PCRA court's decision.[3] But failure to provide notice would not prevent Etienne from filing his habeas petition

---

[3] Etienne may also raise limited proficiency in English as an impediment. But following the Third Circuit's decision in Pabon, it appears a petitioner must be able to allege more than just limited proficiency; he must also allege the denial of assistance or a translator to assist him in preparing his habeas petition. See Pabon, 2011 WL 2685586, at *16. Further, the statutory language requires the impediment prevent his filing. See 28 U.S.C. § 2244(d)(1)(B). Etienne makes no such allegation in his Petition, Amended Petition, or Objections.

because he could at least have pled all of his claims without that decision.

Further, the factual predicate existed for each of his claims either some time during his trial, by the end of his trial, or after the period for filing post-sentence motions expired. See id. § 2244(d)(1(D). He asserts various claims for ineffective assistance of counsel, ranging from failure to object on speedy trial grounds to failure to file post-sentence motions. Any alleged deprivation occurred at that moment or when the sentence became final and, therefore, the factual and legal predicate existed no later than the date his conviction became final. Finally, ineffective assistance of counsel is not a newly recognized constitutional right. See id. § 2244(d)(1)(C).

Therefore, the latest date to commence AEDPA's statute of limitations is September 14, 2008. Etienne's one-year limitations period under AEDPA would have expired on September 13, 2009, absent statutory or equitable tolling.

The limitations period was tolled by statute when he filed his PCRA petition on February 17, 2009.[4] See 28 U.S.C. § 2244(d)(2). The PCRA court denied the PCRA petition on November 16, 2009. The limitations period remained tolled until December 16, 2009, when Etienne's right to appeal to the Pennsylvania Superior Court expired. See Pa. R. App. P. 903(a).

When Etienne filed his PCRA petition, 156 days had elapsed since his direct review became final. Therefore, he had 209 days remaining in AEDPA's one-year limitations period. Because the limitations period began running again on December 16, 2009, it was set to expire on approximately July 13 2010.[5]

---

[4] Etienne's PCRA petition is not dated. Thus, the Court can only rely on the date the PCRA court received it – February 17, 2009. (Resp. Ex. B.)

[5] This Court's calculations of the deadlines differ slightly from Judge Wells's calculations. These differences are not material to the Court's review of the R & R.

Etienne filed his instant Petition for Writ of Habeas Corpus, at the earliest, on October 12, 2010 (Petition), almost three months after the deadline.[6] As such, unless Etienne is entitled to equitable tolling, his Petition is barred by AEDPA's one-year deadline. Further, he filed his Amended Petition even later, on February 21, 2011. (Am. Pet.) But even if the claims in the Amended Petition relate back to the original Petition, they would still be subject to the same deadline.

Although not explicitly requesting equitable tolling, Etienne contends his claims should not be time-barred because he never received notice of the PCRA court's decision dismissing his PCRA petition. But failure to receive notice, by itself, is not an extraordinary circumstance justifying the application of equitable tolling. See LaCava, 398 F.3d at 276-77 (concluding petitioner was not entitled to equitable tolling despite failure to receive notice because petitioner did not allege he was prevented from making earlier status inquiry); Casiano v. Folino, No. 05-4461, 2006 WL 1030246, at *1 (E.D. Pa. Apr. 19, 2006) (finding petitioner's lack of notice does not demonstrate requisite diligence or extraordinary circumstances to justify equitable tolling). Furthermore, Etienne does not allege when he requested the status of his case or even when he ultimately received notice and he makes no allegations that he made any efforts to ensure his claims were properly proceeding through the state collateral review process. LaCava, 398 F.3d at 276-77.

As in LaCava, Etienne makes no allegation that he was prevented from making any

---

[6] Judge Wells assumed the Petition was filed on October 18, 2010 because the only date she had to work with was the date the Clerk docketed the Petition. But Etienne's Amended Petition, on its cover, suggested a date of October 12, 2010. The Court will assume he filed his Petition on October 12. See Nara, 264 F.3d at 315 n.3 (recognizing that pro se prisoner's habeas petition is deemed filed on date it is placed in prison's internal mail system).

earlier inquiries of the Pennsylvania courts or his own attorney. See id. at 276. Even if this error is attributable to his PCRA counsel, attorney errors or other mistakes, including lack of notice, in non-capital cases is not sufficient to constitute extraordinary circumstances. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). Finally, a pro se litigant's ignorance or misunderstanding of law is not an extraordinary circumstance warranting equitable tolling.[7] See Centeno v. Winstead, No. 08-5509, 2009 WL 5215394, at *4 (E.D. Pa. Dec. 23, 2009) (Baylson, J.) (citing Jones, 195 F.3d at 160).

As for reasonable diligence, in LaCava, the petitioner waited twenty-one months from filing his PCRA appeal before inquiring into its status. 398 F.3d at 277. The Third Circuit noted that the obligation to exercise reasonable diligence applies while the petitioner is exhausting his state court remedies, and that twenty-one months of inactivity "crosses the line of what constitutes due diligence for purposes" of equitable tolling. Id. In this case, Etienne does not allege when he began inquiring into the status of his PCRA petition, but seven months elapsed while the petition was pending, and another eleven months passed after the PCRA court denied his petition and before Etienne sought federal habeas relief. Thus, Etienne did not seek federal habeas relief for eighteen months after filing his PCRA petition. His failure to inquire about the status of his PCRA petition and subsequent delay in seeking federal habeas relief similarly "crosses the line of what constitutes due diligence." See id.

The Court concludes that Etienne cannot demonstrate extraordinary circumstances

---

[7] For the same reasons as indicated above, the implication of Etienne's limited English proficiency does not constitute an extraordinary circumstance in this case because he does not allege he was denied assistance or a translator to assist him in preparing his habeas petition. See Pabon, 2011 WL 2685586, at *16.

prevented him from complying with AEDPA's limitations period or that he exercised reasonable diligence in attempting to investigate and bring his claims. Accordingly, he has failed to carry his burden to justify the application of equitable tolling. Etienne's Petition and Amended Petition were filed after the one-year period expired and, therefore, will be dismissed as time-barred. Because the Court concludes that Etienne's Petition and Amended Petition are time-barred, the Court does not consider whether his claims are also procedurally defaulted.

## VI.     Conclusion

For the foregoing reasons, the Court will adopt the R & R and dismiss the Petition and Amended Petition for Writ of Habeas Corpus. The Court concludes there is no basis for issuance of a certificate of appealability. An appropriate Order will follow.

O:\Todd\10-5522 Etienne v. Sobina\Etienne - Habeas Memo - FINAL.wpd